IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FELECIA T. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:21CV977 |
| ) | |
| FAMILY DOLLAR STORES OF NORTH ) | |
| CAROLINA, INC., FAMILY DOLLAR ) | |
| STORES, INC., MUHAMMED BHATTI, ) | |
| AND MICHELLE CARROLL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion to Dismiss and Alternative Motion to Stay Proceeding and Compel Arbitration, (ECF No. 10), filed by Defendants. Defendants request dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, to compel arbitration and stay the proceeding under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* (ECF No. 10.) For the reasons stated herein, Defendants' motion will be granted.

**I. BACKGROUND**

Plaintiff, Felecia T. Brown, is a former employee of Defendants, Family Dollar Stores of North Carolina, Inc., Family Dollar Stores, Inc., Muhammed Bhatti, and Michelle Carroll. (ECF No. 1 ¶ 5, 9–10, 14.). According to her Complaint, Plaintiff was originally hired in the summer of 2018 as an assistant manager at Family Dollar. (*Id.* ¶ 14.) Plaintiff alleges that she experienced various instances of racial discrimination throughout her employment, (*id.* ¶ 23–

25, 27–28, 36), and that these experiences culminated in her termination on February 4, 2019, (*id.* ¶¶ 55, 58).

Following her termination, Plaintiff initiated this action against Defendants, alleging failure to pay overtime wages under the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.12 *et seq.*, retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and racial discrimination and harassment under Title VII. (ECF No. 1.) Plaintiff also alleges claims for negligent retention and supervision, as well as racial discrimination and retaliation under 42 U.S.C. § 1981. (*Id.*)

Approximately two months after the Complaint was filed, Defendants moved to dismiss or, alternatively, to compel arbitration and to stay these proceedings. (ECF No. 10.) In their supporting memorandum, Defendants contend that as a part of the onboarding process, Plaintiff electronically signed a document agreeing to Defendants' Mutual Agreement to Arbitrate Claims (the "Arbitration Agreement" or "Agreement") which requires the Defendants and their employees to submit all covered employment-related disputes to binding arbitration. (ECF No. 11 at 2–5.) Plaintiff, however, denies that the parties entered into any such agreement. (ECF No. 13 at 3–4.)

## II. FEDERAL ARBITRATION ACT

"[A] court may order arbitration only when it 'is satisfied that the parties agreed to arbitrate.'" *Lorenzo v. Prime Commc'ns, L.P.*, 806 F.3d 777, 781 (4th Cir. 2015) (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010)). Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, "[w]hen a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing

2

judicial proceedings and to compel arbitration." *Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 552 (4th Cir. 2001) (quoting *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999)). "Motions to compel arbitration under an arbitration clause should not be denied 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *Zandford v. Prudential-Bache Secs., Inc.*, 112 F.3d 723, 727 (4th Cir. 1997) (quoting *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989)).

To determine whether the parties have agreed to arbitrate, this Court must apply state law principles governing contract formation. *Hightower v. GMRI, Inc.*, 272 F.3d 239, 242 (4th Cir. 2001). Under North Carolina law,[1] "a valid contract requires (1) assent; (2) mutuality of obligation; and (3) definite terms." *Charlotte Motor Speedway, LLC v. County of Cabarrus*, 748 S.E.2d 171, 176 (N.C. Ct. App. 2013); *see also Lorenzo*, 806 F.3d at 781 ("North Carolina contract law . . . requires that the parties 'assent to the same thing in the same sense, and their minds meet.'" (quoting *Normile v. Miller*, 326 S.E.2d 11, 15 (N.C. 1985))). Consistent with federal policy, North Carolina likewise has a strong public policy favoring arbitration, such that "any doubt concerning the existence of [an arbitration] agreement must also be resolved in favor of arbitration." *Johnston County v. R.N. Rouse & Co.*, 414 S.E.2d 30, 32 (N.C. 1992).

The party seeking to compel arbitration has the burden to prove that a valid arbitration agreement exists. *See Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002); *Slaughter v. Swicegood*, 591 S.E.2d 577, 580 (N.C. Ct. App. 2004). Once the court is satisfied that a proponent of such agreement offers credible, admissible evidence to support a finding of an

---

[1] Defendant agrees, and Plaintiff does not dispute, that North Carolina law applies here. (ECF No. 11 at 11); *see also Hightower*, 272 F.3d at 242.

3

agreement to arbitrate, the party opposing arbitration must unequivocally deny that such agreement exists and produce evidence to substantiate the denial. *See Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015).

## III. DISCUSSION

In addition to the Memorandum in Support of Defendant's Motion to Dismiss and Alternative Motion to Stay Proceeding and Compel Arbitration, Defendants filed with attached exhibits. These exhibits demonstrate the following:

- Plaintiff initially applied for work at Family Dollar sometime around July 2018 and was later hired, beginning work on September 22, 2018. (ECF Nos. 11-1 at 6, 18; 13-1 ¶ 4; 15-1 ¶¶ 5, 11.)

- When Plaintiff began work in September 2018, she was given access to Family Dollar's electronic onboarding system. This system requires one to create a personal username and password. (ECF No. 11-1 ¶ 5.) The system is used to review and electronically sign various employment documents, including a Mutual Agreement to Arbitrate Claims, as well as standard forms such as a W-4 and NC-4. (ECF Nos. 11-1 at 11–17, ¶ 5; 15-1 at 14, 18.)

- On September 22, 2018, Plaintiff went through this online onboarding process. The online system will not allow an employee to begin a subsequent step without completing all earlier steps. (ECF No. 15-1 ¶¶ 8–9.)

- Plaintiff was presented with a screen showing a letter about Family Dollar's "Open Door Communication Guidelines" policy and the "Mutual Agreement to Arbitrate Claims." (ECF No. 11-1 at 11–12.) This page explicitly informs employees that they and Family Dollar are subject to a binding arbitration agreement requiring parties to submit all covered employment-related disputes to arbitration. (*Id.*)

- Following review of Family Dollar's "Open Door Communication Guidelines" policy and the "Mutual Agreement to Arbitrate Claims" letter, employees are presented with another screen showing a full version of the Arbitration Agreement that must be signed before the system allows one to proceed to other onboarding documents like the W-4 and NC-4. (ECF No. 11-1 at 12–17, ¶ 11.)

- Above where an electronic signature is to be entered agreeing to the Arbitration Agreement, there is a disclaimer that reads: "BY SIGNING

4

BELOW, I ACKNOWELDGE THAT I HAVE CAREFULLY READ AND UNDERSTAND THIS AGREEMENT AND AGREE TO ITS TERMS. I AGREE THAT THROUGH THIS AGREEMENT, THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT; WE ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT." (ECF No. 11-1 at 17.)

- The Arbitration Agreement shows that Plaintiff electronically signed the document, listing her email address as fbrown21976@gmail.com on September 22, 2018. (ECF No. 11-1 at 17, ¶¶ 17–19.) An electronic receipt from the onboarding platform also shows that Plaintiff signed the Agreement on September 22, 2018, at 5:47 PM. (*Id.* at 19.) A copy of the Agreement was also sent to fbrown21976@gmail.com. (*Id.*)

- Plaintiff completed the remaining onboarding documents on September 22, 2018. (ECF No. 15-1 at 11–13.) In addition to the receipt showing that Plaintiff signed the Arbitration Agreement on September 22, 2018, at 5:47 PM, (ECF No. 11-1 at 19), further digital receipts show that Plaintiff completed her W-4 on that same day at 6:02 PM, (ECF No. 15-1 at 14), and her NC-4 at 6:07 PM, (*id.* at 18). Plaintiff does not dispute that she completed these tax forms online. (ECF 13-1 ¶ 9.)

Through these affidavits and exhibits, Defendants have proffered sufficient evidence demonstrating that: (a) on September 22, 2018, Plaintiff electronically signed an agreement that read, "I AGREE THAT THROUGH THIS AGREEMENT, THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT, WE ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT."; (b) the Arbitration Agreement requires the Defendants and their employees to submit covered disputes to binding arbitration; and (c) covered disputes under the Agreement include "all claims . . . past, present or future, that can be raised under applicable federal, state, or local law, arising out of or related to Associate's employment (or its termination) . . . or that the Associate may have against any of the

5

following (1) the Company, (2) its officers, directors, employees, or agents in any capacity . . . ." (ECF No. 11-1 at 13, 17.)

In response, Plaintiff appears to offer only one argument: that she did not sign the Agreement. (ECF No. 13 at 7.) Plaintiff's argument rests on the contention that "the email address alleged to support Plaintiff's signature for confirmation of notice of the Arbitration Agreement did not exist in September of 2018" and that this email address was not created until early 2019, after she began working for Defendants. (*Id.* at 5–6.) Notably, Plaintiff does not question the validity of the Agreement itself, and she agrees that if signed, the Agreement would in fact be enforceable. (*Id.* at 7.)

Apart from her affidavit, (ECF No. 13-1), Plaintiff fails to provide any specific evidence supporting when the email "fbrown21976@gmail.com" was created, nor does she contest the evidence of her other electronic signatures on the various onboarding documents presented by Defendants. Plaintiff's argument is also undermined by the evidence presented by Defendants showing that Plaintiff listed her email as "fbrown21976@gmail.com" on the employment application she filled out on July 22, 2018. (ECF No. 15-1 at 5, ¶ 6.) The extent of Plaintiff's evidence is her affidavit stating that she "did not create the fbrown21976@gmail.com account until early 2019" and that she used "hopeb297@yahoo.com and fbrown2197@gmail.com" when she originally applied to Family Dollar. (ECF No. 13-1 ¶¶ 14–16.) Plaintiff provides no record of any emails from Family Dollar to these email accounts that she claims were used for her original application, nor does Plaintiff provide any record, such as a

"welcome to g-mail" email, formally establishing when the fbrown21976@gmail.com was created.

Accordingly, the Court concludes that Defendants have produced credible evidence that a valid agreement to arbitrate exists between the parties, which Plaintiff did in fact electronically sign, and that the agreement covers the matter in dispute. Plaintiff has failed to produce credible evidence otherwise. This Court is, therefore, required to stay or dismiss this case and compel arbitration. *See* 9 U.S.C. §§ 3, 4; *see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). Whereas in this case, it appears that all of Plaintiff's claims would be encompassed by the arbitration agreement, dismissal is an appropriate remedy. *See Choice Hotels Int'l, Inc.*, 252 F.3d at 709–10. Thus, the Court will dismiss Plaintiff's claims.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Alternative Motion to Stay Proceeding and Compel Arbitration, (ECF No. 10), is **GRANTED**, and Plaintiff is compelled to arbitrate her claims against Defendants. This action is **DISMISSED WITHOUT PREJUDICE.**

This, the 19th day of August 2022.

                                           /s/ Loretta C. Biggs
                                           United States District Judge